IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 2 2015
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:15-CR-001-C |
| DILLON ALEX STEELE | |

## PLEA AGREEMENT

Dillon Alex Steele, defendant, Assistant Federal Public Defender Helen M. Liggett, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: Steele understands that he has the right:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Steele waives these rights and pleads guilty to the offense alleged in count one of the indictment, charging a violation of 18 U.S.C. § 876(c), that is, Mailing Threatening Communications. Steele understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Dillon Alex Steele
Plea Agreement - Page 1

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed ten years;

   b. a fine not to exceed $250,000;

   c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned and subject to additional terms of supervised release and imprisonment as determined by the Court in accordance with law;

   d. a mandatory special assessment of $100.00;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Steele agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Court's sentencing discretion and role of the Guidelines**: Steele understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a). The guidelines are not binding on the Court, but are advisory only. Steele has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Steele will not be allowed to withdraw his plea if his sentence is higher than expected. Steele fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Steele agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by Court.

7. **Government's agreement**: The government will not bring any additional charges against Steele based upon the conduct underlying and related to Steele's plea of guilty. The government will file a Plea Agreement Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal

Procedure, the government makes a non-binding recommendation that the Court impose a sentence at the bottom of the advisory guideline range. The government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Steele or any property.

8. **Violation of agreement**: Steele understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Steele for all offenses of which it has knowledge. In such event, Steele waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Steele also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Representation of counsel**: Steele has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Steele has received from his lawyer explanations satisfactory to him

concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Steele has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 25th day of August, 2015.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
Dillon Alex Steele
Defendant

_____
JEFFREY R. HAAG
Assistant United States Attorney
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas   79401
Telephone:   806-472-7559
Facsimile:   806-472-7394
E-mail:      jeffrey.haag@usdoj.gov

_____
Helen M. Liggett
Attorney for Defendant

_____
DENISE B. WILLIAMS
Deputy Criminal Chief

Dillon Alex Steele
Plea Agreement - Page 5

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

X _____     _____8/25/15_____
Dillon Alex Steele                                          Date
Defendant

I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     _____8/25/15_____
Helen M. Liggett                                            Date
Attorney for Defendant

**Dillon Alex Steele**
**Plea Agreement - Page 6**