1          UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF TEXAS
2               AMARILLO DIVISION

3  UNITED STATES OF AMERICA        )
                                   )
4  VS.                             )  CAUSE NO. 2:15-CR-001-C
                                   )
5  DILLON ALEX STEELE              )

6

7          --------------------------------------------------------

8              **TRANSCRIPT OF SENTENCING HEARING**
9          **BEFORE THE HONORABLE SAM R. CUMMINGS,**
           **SENIOR UNITED STATES DISTRICT JUDGE**
10
               **FRIDAY, JANUARY 15, 2016**
11                  **LUBBOCK, TEXAS**

12         --------------------------------------------------------

13

14                  **A P P E A R A N C E S**

15  **FOR THE GOVERNMENT:**
    UNITED STATES ATTORNEY'S OFFICE
16  1205 TEXAS AVENUE, SUITE 700
    LUBBOCK, TEXAS 79401
17  BY:  JEFFREY R. HAAG

18
    **FOR THE DEFENDANT:**
19  FEDERAL PUBLIC DEFENDER'S OFFICE
    1205 TEXAS AVENUE, SUITE 506
20  LUBBOCK, TEXAS 79401
    BY:  HELEN M. LIGGETT
21

22

23  FEDERAL OFFICIAL COURT REPORTER: MECHELLE DANIEL, 1205 TEXAS
    AVENUE, LUBBOCK, TEXAS 79401, (806) 744-7667.
24
    PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY; TRANSCRIPT
25  PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

1

2

3   **<u>INDEX</u>**

SENTENCE BY THE COURT. . . . . . . . . . . . . . .   9

4

5

6

7                              *  *  *  *  *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S

 2           THE COURT:  The next case called for sentencing is

 3    Cause Number CR2-15-001, United States of America vs. Dillon

 4    Alex Steele.

 5           MR. HAAG:  The United States is ready, Your Honor.

 6           MS. LIGGETT:  The defendant is present and ready,

 7    Your Honor.

 8           THE COURT:  The file reflects that a presentence

 9    report has been prepared.  Mr. Steele, have you gone over that

10    report with your lawyer?

11           THE DEFENDANT:  Yes, sir.

12           THE COURT:  The file also reflects that the

13    government has filed a statement adopting the matters set forth

14    in the presentence report.

15           The defense has filed objections to the report.

16    Counsel, if you wish, you may address those objections.

17           MS. LIGGETT:  Thank you, Your Honor.

18           We filed 14 objections.  Of those objections, the

19    probation office, in the addendum, agreed with some and did not

20    agree with others.  We will stand on our written objections

21    with regard to the ones that were not agreed to by Probation.

22           I would point out to the Court that the only one of

23    the objections that makes a difference in the sentencing

24    guideline is Objection 14, and we concede that the Fifth

25    Circuit has issued a case, United States v. Stoker, that is
```

1    contrary to the defendant's position on this matter, and we are

2    filing that merely to preserve the issue for appeal.  It's

3    basically a Johnson issue on whether or not the offense of

4    conviction applies--qualifies as a crime of violence.

5            With regard to the remaining objections, none of

6    them affect the sentencing guidelines, so we would just stand

7    on our written objections.

8            Thank you, Your Honor.

9            THE COURT:  All right.  Government's response?

10           MR. HAAG:  Your Honor, the addendum in this case

11   accurately and adequately addresses each of the defendant's

12   objections.  As noted in the Objection Number 14, it is

13   overruled by Fifth Circuit precedent, and we respectfully ask

14   the Court to follow that.

15           THE COURT:  All right.  The Court, having

16   considered the objections of the defense, will make the

17   following rulings:

18           The Court will sustain those objections which were

19   agreed to by the probation officer and overrule those

20   objections as noted--or as noted in the addendum to be objected

21   to by the probation office for the reasons as set forth in the

22   addendum.  So I'm clear, the objections that are overruled

23   relate to the objections to paragraphs 39, 40, 121, 129, 117,

24   and to paragraphs 29 and 51.

25           The Court then will adopt as the Court's findings

1    the matters set forth in the presentence report and the

2    addendum, as ruled upon by the Court this morning, not only as

3    it relates to the background data and information, but also the

4    analysis made under the sentencing guidelines.

5            Does the government have any evidence or further

6    argument?

7            MR. HAAG:  Your Honor, we have two points for the

8    Court this morning.

9            First, in this case, the United States is

10   recommending a sentence at the bottom of the advisory guideline

11   range.  As noted during the hearing on the mental competency,

12   the presentence report and the sentencing memorandum, the

13   defendant has struggled with mental health issues for a

14   substantial majority of his life, and we believe that these

15   factors don't warrant a downward departure, but they do warrant

16   a sentence at the bottom of the advisory guideline range.

17           Next, we respectfully ask the Court to dismiss the

18   remaining count of the indictment and proceed to sentencing on

19   Count 1.

20           THE COURT:  All right.  That motion is granted.

21           Does the defense have any evidence or further

22   argument?

23           MS. LIGGETT:  Your Honor, the defense has filed

24   both a sentencing memorandum and a supplemental sentencing

25   memorandum, and I won't reiterate at length what is presented

1    to the Court in those two documents.  I would just note that

2    Mr. Steele has been in kind of a catch-22.  He has mental

3    illness, which is well documented and has existed from early in

4    his life.  He was taken from his family at age six or seven and

5    placed in foster care because his father opened his leg to the

6    bone with a pickax.  He's been in and out of group homes, and

7    he was diagnosed with severe mental illness at age thirteen,

8    and he's been in and out of mental institutions.

9          Because of his mental illness, when placed in the

10    prison environment, the regimen and routines and requirement to

11    follow strict rules, he's incapable of following those rules

12    because of his mental illness when it's not appropriately

13    treated.  The result is that he's placed in solitary

14    confinement, which only exacerbates his mental illness and

15    further makes him unable to comply with the rules.

16          It's well documented in the presentence report and

17    in the Journal of American Academy of Psychiatry and the Law

18    Online article, which was submitted to the Court on Wednesday,

19    that in state prisons, there simply are not sufficient programs

20    to deal with mental illness because there's no funding, there's

21    a long waiting list.  As noted in the presentence report, that

22    is why Mr. Steele was denied mental treatment repeatedly while

23    in the Potter County Jail, because of lack of funding and a

24    need to prioritize.  And so after he had been placed in

25    solitary confinement and been in there for more than six

1    months, that's when this instant offense occurred.

2           Mr. Steele's mental illness made him unable to

3    follow the rules and refrain from committing this crime.  Now,

4    that does not rise to a full defense anymore in the federal

5    system.  It's only if you have a mental defect which prevents

6    you from understanding the wrongfulness of your act.  A

7    compulsion that you can't resist because of your mental illness

8    is no longer a defense.  But clearly, this is what the

9    guidelines contemplate when they talk about downward departures

10   for mental illness.  We are requesting a downward variance to a

11   sentence of 41 months in Mr. Steele's case.

12           I also have a letter from his mother that she sent.

13   "I am writing on behalf of Dillon Steele.  Dillon has had a

14   very hard and difficult childhood and young adulthood.  His

15   father was very abusive and was never a father to him the way

16   he should have been.  Dillon was taken from home and put in

17   foster care because of the abuse; then was in and out of

18   several group homes and mental illness institutes while in

19   foster care and growing up.

20           "Then when he went to prison, all that was thought

21   of to do was just lock him up.  He was never given the proper

22   treatment he needed for mental illness, and even when he got to

23   see a mental health person, he was not even given the proper

24   medication as ordered.  Instead, he was locked up by himself in

25   solitary with very little contact with anyone.  He is a human

1    being with medical problems that need medical treatment, and

2    being locked up because of and without it is brutality and

3    cruelty.  He really needs mental health help so he can function

4    normally as much as possible.

5            "Dillon was not in his right mind when he wrote the

6    letters.  He was locked up by himself without medication for

7    over a year.  He was in a desperate situation and was seeking

8    help from someone.  Dillon doesn't need any more locked-up

9    time; he needs mental health time and medication so he will

10   have a chance for a life with his two little boys.  He is a

11   totally different person when on his medication and taking it

12   on schedule.  Thank you, Deidre Steele."

13           I would note for the Court, as indicated in the

14   presentence report, when Mr. Steele is housed as BOP

15   psychiatrists recommended, in general population, not in

16   solitary, and when he does receive his proper education--his

17   medication, as he did when he was transferred to the Terry

18   County Jail, Mr. Steele is able to comply.  He had no write-ups

19   since he's been given his treatment at the Terry County Jail.

20           Solitary confinement has a negative effect on the

21   healthy--the strongest, mentally strongest of people.  It can

22   drive sane people crazy.  When you take a person who already

23   has an existing serious mental illness well documented from the

24   age of thirteen with prior institutionalizations and mental

25   health facilities and you put them in solitary, you exacerbate

9

```
 1   their mental health condition.  You cause a recurrence of

 2   insanity, and it led to this offense.

 3            Your Honor, finally, we would request that the

 4   Court make a recommendation that Mr. Steele serve his time at

 5   USP Big Sandy.

 6            Thank you, Your Honor.

 7            THE COURT:  Mr. Steele, you have the right to

 8   address the Court this morning prior to the imposition of

 9   sentence.  You are not required to say anything, should that be

10   your choice, but the law does afford you that right and

11   opportunity.  Is there anything which you wish to state to the

12   Court?

13            THE DEFENDANT:  Yes, Your Honor.  I'm sorry for my

14   actions and words towards Ms. Robinson and the stuff I done.

15   And I--you know, I would like you to take into consideration

16   I'm not going to be able to start this sentence until my state

17   time on or before January 1st, 2031, and I'd like you to look

18   at that and take that into consideration, Your Honor.

19            THE COURT:  Mr. Steele, you pleaded guilty to

20   Count 1 of the indictment charging you with mailing threatening

21   communications.  You having pleaded guilty to that charge, I

22   found you guilty, and I am now adjudging you guilty of that

23   offense.

24            Having adjudged you guilty, I am now going to

25   impose the following sentence:
```

 1          First, I'm ordering that you pay a special

 2     assessment of $100.

 3          Next, I'm ordering that you be committed to the

 4     custody of the United States Bureau of Prisons to be imprisoned

 5     for a term of 77 months, with this sentence to run consecutive

 6     to those matters described on page 2 of the judgment.  I will

 7     recommend that you be placed at USP Big Sandy.

 8          Upon your release from incarceration, I'm ordering

 9     that you serve a 3-year term of supervised release.  You will

10     get a copy of the judgment so you will know what the conditions

11     of supervision are.  There are some standard conditions, as

12     well as special conditions.

13          The special conditions include the following:

14          First, you shall participate in a program approved

15     by the United States Probation Office for the treatment of

16     narcotic, drug, or alcohol dependency.  You shall contribute to

17     the cost of services rendered at a rate of at least $25 a

18     month.

19          Next, you shall participate in any mental health

20     treatment service programs as directed by the probation office.

21     You shall contribute to the cost of services rendered at a rate

22     of at least $15 a month.

23          Next, you shall abstain from the use of alcohol and

24     all other intoxicants during the term of supervision.

25          I will now state on the record the specific reasons

1    for imposing the sentence I have just imposed.

2           As to the term of incarceration, I've imposed a

3    term of 77 months.  I believe this sentence does adequately

4    address the sentencing objectives of punishment and deterrence.

5           The supervised release is imposed for the reason I

6    believe the defendant will need this amount of supervision to

7    see that he reassimilates himself back in society, that he

8    obtains suitable employment, that he maintains a law-abiding

9    lifestyle.

10           No fine is assessed.

11           The special assessment is imposed because the law

12    mandates that it be.

13           Now, Mr. Steele, you have the right to appeal as

14    authorized by law or as stated in your plea agreement.  Should

15    you choose to appeal, you must file your notice of appeal

16    within 14 days from today.  If you file that notice of appeal,

17    you may also file a motion with the Court seeking permission to

18    appeal at no cost to yourself, but rather at the cost of the

19    government.  Should you file that motion, I will take it under

20    advisement and rule on it just as soon as I can.

21           You may stand aside.

22     (END OF HEARING)

23               * * * * *

24

25

1      I, Mechelle Daniel, Federal Official Court Reporter in and
for the United States District Court for the Northern District

2  of Texas, do hereby certify pursuant to Section 753,
Title 28, United States Code, that the foregoing is a true and

3  correct transcript of the stenographically reported proceedings
held in the above-entitled matter and that the transcript page

4  format is in conformance with the regulations of the Judicial
Conference of the United States.

5

6     *s/ Mechelle Daniel*     **DATE**  FEBRUARY 26, 2016

7  MECHELLE DANIEL, CSR #3549
FEDERAL OFFICIAL COURT REPORTER

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25